CASE 24—ACTION BY COMMONWEALTH AGAINST BOB ELKINS TO RECOVER
A PENALTY FOR VIOLATION OF LOCAL OPTION LAW.—SEPT. 25.

# Commonwealth v. Elkins.

APPEAL FROM TODD CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   AFFIRMED.

PENAL ACTION—INDICTMENT—DISMISSAL.—NEW ACTION—LIMITATION.

Held.   1. Statutes, 1899, section 1138, provides that an action of pro-
ceeding to recover a penalty for violation of the criminal laws
shall be commenced within one year after the right to such penalty
accrues, and not thereafter.  Criminal Code, section 159, makes it
the duty of the circuit judge, on quashing an indictment on
grounds specified in section 158, to order the case resubmitted;
and section 160 declares that unless a new indictment is found
by the next grand jury, the defendants shall be discharged unless
the court for cause shall otherwise order.  HELD, that where an
indictment for violation of the local option law was dismissed
more than a year after the commission of the offense without
an order for resubmission. a subsequent civil action brought to
recover a penalty for the same offense was not a continuance
of the original proceeding, but a new action, and barred by limi-
tations.

M. R. TODD, FOR APPELLANT.   (C. J. PRATT, OF COUNSEL.)

Appellee was indicted on the 7th day of December, 1901, charged
with selling by retail spirituous liquor to Sid Cherry, in the
town of Trenton, county of Todd, during the month of May or
June, 1901.

On the 16th day of July, 1902, the court entered an order. dis-
missing the indictment.

On the 10th day of November, 1902, a petition was filed in the
Todd Circuit Court in the name of the Commonwealth v. Bob
Elkins, in which the Commonwealth sought to recover against
Elkins the sum of two hundred ($200) dollars and the cost of
the action.  The lower court sustained a demurrer to the peti-
tion and the Commonwealth appealed.

The question presented is whether or not the prosecution was
barred by section 1138, Kentucky Statutes.

The above section provides, in part:   "Prosecutions by the

Commonwealth for felony, unless otherwise specially provided, shall not be barred by lapse of time or any law of limitations. Prosecutions by the Commonwealth to recover a penalty for a violation of any penal statute or law, and an action or procedure at the instance of any person to recover any such penalty, shall be commenced within one year after the right to such penalty accrued, and not after, unless a different time is allowed by the law imposing the penalty."

We contend that the statute did ·not run against the prosecution by petition as long as the indictment was pending. The filing of the petition was a continuation· of the prosecution by indictment and was a matter of right vested in the Commonwealth to proceed ·by petition.

The original action was brought within the time provided in the statute, and section 1138 of the Kentucky Statutes contemplates that the prosecution be brought within one year.

We contend that this section applies to the original prosecution and the indictment having been brought within the time prescribed, it was error upon the part of the lower court to sustain a demurrer to the petition.

We respectfully ask a reversal, with direction to the lower court to overrule the demurrer. 101 Ky., 195; 20 R., 1639.

S. WALTON FORGY, ATTORNEY FOR APPELLEE.

The only question presented in this case is whether or not the alleged crime for which this penal action was·brought was barred by· the Statute of Limitation. The petition filed by the Common-. wealth's attorney in this case shows that it was barred by the Statute of Limitation, and therefore the lower court did not err in sustaining the demurrer filed by the defendant. Section 1138 of the Kentucky Statutes says: "Prosecutions by the Commonwealth to recover a penalty for a violation of any penal statute or law, and an action or procedure at the instance of any person to recover any such penalty, shall be commenced within one year after the right to such penalty accrued, and not after, unless a different time is allowed by the law imposing the penalty." More than one year elapsed after the sale of the whisky complained of in this case and the filing of this penal action.

Appellee respectfully asks for an affirmance of the judgment in the court below.

OPINION OF THE COURT BY JUDGE SETTLE—AFFIRMING.

By the petition in this case which was filed in the Todd circuit court on the 10th day of November, 1902, the appellant, Commonwealth of Kentucky, sought to recover of the

appellee the sum of $200 and the costs of the action as a penalty under the statute for an alleged violation of the local option law,' which appellant is charged to have committed by selling spirituous liquor in the town of Trenton in May or June, 1901. The lower court sustained a demurrer to the petition upon the ground that the action was barred by limitation, and the only question presented for consideration by this appeal is whether or not the prosecution was barred by the statute of limitations. Section 1138 of the Kentucky Statutes of 1899 provides that : "Prosecutions by the Commonwealth for felony, unless otherwise especially provided, shall not be barred by lapse of time, or any law of limitation. Prosecutions by the Commonwealth to recover a penalty for a violation of any penal statute or law, and an action or procedure at the instance of any person to recover any such penalty, shall be commenced within one year after the right to such penalty accrues, and not after, unless a different time is allowed by the law imposing the penalty." It appears from the averment of the petition that appellee was indicted on the 7th day of December, 1901, in the Todd circuit court, for the same offense for which the penalty is sought to be recovered against him in this case. The indictment was allowed to remain on the docket without trial or other action until the 16th day of July, 1902, at which time an order was entered by the court dismissing it without a re-reference to the grand jury. It does not appear from the record that the appellee was ever before the court under the indictment. So, upon the face of the record, it is conclusively shown that more than a year elapsed between the commission of the offense by appellee and the date of the dismissal of the indictment, and the petition in this case was not filed

until about four months after the dismissal of the indict-
ment, and about seventeen months after the alleged com-
mission of the offense. It is contended, however, by counsel
for appellant, that limitation did not run against this action
to recover the statutory penalty as long as the indictment
was pending, and that the filing of the petition was but
a continuation of the prosecution begun by indictment; in
other words, that the time during which the indictment was
pending should be excluded from the statutory period with-
in which the prosecution or action was required to be com-
menced. No authority is cited in the brief of counsel in sup-
port of this contention, and we apprehend that none can be
found. In Commonwealth v. T. J. Megibben Co., 101 Ky., 195,
19 R., 201, 40 S. W., 694, a second indictment was returned
against the defendant for maintaining a nuisance, which
showed on its face that the offense charged was committed
more than a year before the finding of the indictment, but,
as the indictment contained the averment that the offense
therein charged was the same charged in the former indict-
ment returned in the same court, it was contended for the
prosecution that the second indictment was not barred by
limitation, but should be regarded as a continuation of the
prosecution set on foot by the first indictment; but this
court held that a prosecution under the second indictment
would not be regarded as a continuation of the former pros-
ecution, so as to avoid the statute of limitations, as it was
not alleged in the second indictment that the other indict-
ment had been quashed and the case re-referred to the grand
jury, or dismissed by the Commonwealth's attorney and re-
referred. Consequently, a demurrer was sustained to the
last indictment because of the bar interposed by the statute
of limitations. To the same effect was the decision of this
court in Tully v. Commonwealth, 13 Bush, 153, and of the

superior court in N. N. & M. V. R. Co. v. Commonwealth, 14 Ky. Law Rep., 197, and L. & N. R. R. Co. v. Commonwealth, 4 Ky. Law Rep., 627. In no case that we have been able to find has it been held in this State that, where a prosecution for an offense has been commenced by indictment, and the indictment dismissed without a re-reference to the grand jury, a second indictment for the same offense or action to recover the penalty denounced by statute against such an offense is to be regarded as a continuation of the former prosecution, even though such second indictment be found or action commenced within a year after the commission of the offense; and much less can it be so regarded if commenced more than a year from the date of its commission. If an indictment is quashed upon any of the grounds mentioned in section 158, Cr. Code, section 159, makes it the duty of the judge of the circuit court to make an order that the case be submitted to another grand jury, and that the defendant, if in custody, shall be remanded to jail, or required to give bail for his appearance to answer a new indictment, if one be found, at that or the next term of the court.

It is further provided by section 160 that, unless a new indictment be found before the final discharge of the next grand jury, the defendant shall be discharged from custody or bail, unless for good cause the court shall otherwise order. In the state of case thus provided for, if a new indictment be returned against the defendant, though beyond the period fixed by the statute of limitations for the prosecution of one guilty of the offense charged, the prosecution would not be barred by the statute, for the prosecution under the second indictment would be but a continuation of that commenced under the first indictment, the defendant being all the time before the court by virtue of its order

made at the time of re-referring the case to the grand jury. Section 178, Cr. Code, provides in substance that the dismissal of an indictment by the court on demurrer, or for objection to its form or substance taken during the trial, or for variance between the indictment and proof, shall not bar another prosecution for the same offense. Section 243 likewise provides that, when the indictment is dismissed by the attorney for the Commonwealth with the permission of the court, such dismissal shall not bar a future prosecution for the same offense. While not expressly authorized by sections 178 and 243, we know of no rule of law or practice that would forbid the re-reference to the grand jury of an indictment dismissed as therein provided, or the holding of the defendant in jail or on bond to answer the new indictment that might be found by the grand jury. However, where the dismissal of the indictment results as authorized by sections 178 and 243, and without a re-reference to the grand jury, that body may nevertheless return another indictment against the same defendant for the same offense at any time within the statutory period fixed for the prosecution of such an offense; but it is only where an order of re-reference is made upon the dismissal of the indictment that the return of a new indictment for the same offense by the grand jury will be treated as a continuation of the prosecution begun by the finding of the first indictment. It is not averred in the petition that a re-reference to the grand jury was had upon the dismissal of the indictment against appellee; consequently its dismissal ended the prosecution against him, never to be revived, because the dismissal occurred more than a year after the commission of the offense charged. If the indictment had been dismissed within the year succeeding the commission of the offense, though without a re-reference of the case to the grand jury, another

prosecution for the same offense might have been instituted against appellee at any time before the expiration of the year thereafter, by indictment, or by civil action, as here attempted; but this case must, in our view of the law, be regarded as an original action, without support from the indictment under which the prosecution against appellant was originated, and, it being shown on the face of the petition that it was not brought within a year next after the right to recover the penalty accrued, viz., of the date of the commission of the offense complained of, it follows that no error was committed by the lower court in sustaining the demurrer and dismissing the petition. Therefore the judgment is affirmed.